THE STATE, ELIZABETH GRANT, PROSECUTRIX, v. WIL-
LIAM H. CLARK ET AL.

Where a road was laid out March 14th, 1872, and a writ of *certiorari* to
review the same allowed May 12th, 1873, the writ will be dismissed
for laches, if it appear that the road has been opened, improved, and
built upon, with the knowledge of the prosecutor.

On *certiorari* to review road return, &c., in the county of
Union.

Argued at February Term, 1875, before Justices WOOD-
HULL, VAN SYCKEL and SCUDDER.

For the prosecutrix, *T. D. Hodges.*

For the defendants, *B. Williamson.*

The opinion of the court was delivered by
SCUDDER, J.  At June Term, 1873, of this court, the
above case was argued and decided.  The writ was allowed,
with direction that it should be heard at the next term there-
after.  The defendants, from some cause, failed to take all
their testimony, and the case was argued on the evidence
then taken.

On application to the court, at the next term, time was
given the defendants to complete their testimony, and a
re-argument was ordered.

This subsequent testimony, which is now presented to the
court, is directed mainly to the points of the delay of the
prosecutrix in applying for the writ, and the prejudice to
other land-owners on the line of the road, and to the public
by such delay.

It appears that the return of the surveyors of highways,
laying the road, was filed March 14th, 1872, and the writ of
*certiorari* was allowed May 12th, 1873.   Fourteen months

had, therefore, elapsed before the writ was presented. The prosecutrix had full knowledge of the alleged defects in the return immediately after it was made, but was silent, and apparently acquiesced, until the road had been opened and graded its entire length, and valuable improvements had been erected along the line of the road, amounting, by estimate, to $15,000 in value. She then procured her writ, and seeks to set aside the return. If she should succeed, and the road be closed, it would be difficult, if not impossible, to restore the abutting land-owners and the public to the position they occupied before the road was laid, or compensate them for the loss and inconvenience to which they would be subjected.

If a *caveat* against recording the return had been interposed, or a writ of *certiorari* promptly applied for by the prosecutrix, all this expenditure in opening and grading the road, and in improvements by land-owners, would have been anticipated. But she delayed her application, and the public officers and others, acting upon her presumed acquiescence, have been placed in a position where they will be greatly prejudiced if the return of the road is vacated upon her motion.

This point was not presented to the court at the former hearing, nor was it considered. But the justice of the position is so great, that we have no difficulty in changing the former determination, and dismissing the writ for laches in its prosecution.

In *State* v. *Ten Eyck*, 3 *Harr*. 373, where three terms of the court had intervened between the return of a road, which had been opened and graded in the meantime, and the allowance of a *certiorari*, the court ordered the writ to be dismissed with costs, as soon as these facts were brought to its knowledge.

This rule has been strictly applied in cases of public improvements, where there have been large expenditures of money, and the parties affected have stood quietly while they were being made, and afterwards interposed their objections. *State* v. *Water Commissioners of Jersey City*, 1 *Vroom* 247 ;

*State, Britton, pros.,* v. *Blake et al.,* 6 *Vroom* 208; *State, Hob. L. & I. Co., pros.,* v. *Hoboken,* 7 *Vroom* 291 ; *State, Wilkinson, pros.,* v. *Trenton,* 7 *Ib.* 499.

For this delay, which has caused prejudice to others, and to the public, who have expended money and made improvements in good faith, upon the presumed acquiescence of the prosecutrix, who had full knowledge of all the facts of the case, this writ of *certiorari* is dismissed, with costs.